IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Tara R.,[*] | ) | Case No. 6:24-cv-06516-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter is before the Court on an action brought by Plaintiff, proceeding pro se, pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") affirming her cessation of disability insurance benefits ("DIB") under Title II of the Social Security Act. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On May 15, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Commissioner's decision be affirmed. [Doc. 34.] The Magistrate Judge advised the parties of the procedures and requirements for filing

---

[*] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

objections to the Report and the serious consequences if they failed to do so.  [*Id.* at 18.] On May 29, 2025, the Clerk docketed Plaintiff's objections to the Report. [Doc. 38.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial or cessation of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Id.* (internal quotation marks omitted).  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment

for that of the [Commissioner]." *Id.* Consequently, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

The Report recommends affirming the decision of the ALJ because it is supported by substantial evidence and free of legal error. [*Id*. at 17.] Plaintiff's objections largely fail to engage the Magistrate Judge's analysis. Instead, Plaintiff claims that "[t]he primary reason for [her] objection is that Dr. Chengappa did not adequately address [her] hallucinations" and did not increase her medication dosage. [Doc. 38 at 1.] To this end, Plaintiff states that she is "perplexed as to why this information [was] not included in the medical records . . . ." [*Id.*]

Out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the Report, the record, and the applicable law. To the extent Plaintiff's statements about Dr. Chengappa could be construed as objections to the adequacy of the administrative record, the Court overrules them. The administrative record contained no critical gaps in medical information and supplied enough evidence for the ALJ to make a fair and objective assessment of Plaintiff's claim. *See Rothe v. Astrue*, 766 F. Supp. 2d 5, 12–14 (D.D.C. 2011) (explaining that the ALJ's duty to develop the record does not compel the ALJ to seek additional evidence if the record allows him to make a fair decision). As stated in the Report, the ALJ properly developed the record and assessed Plaintiff's subjective complaints and mental residual functional capacity. [*Id*. at 6–17.]

Upon a de novo review of the Report, the record, and the applicable law, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

March 2, 2026
Greenville, South Carolina

4